1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | ) ) ) | Case No.: 1:22-cv-01293-SKO |
| Plaintiff, | ) ) ) | **ORDER VACATING HEARING, GRANTING MOTION PERMITTING SERVICE BY PUBLICATION OF SUMMONS, AND EXTENDING TIME FOR SERVICE** |
| v. | ) ) ) | |
| NANCY MOUA, | ) ) | |
| Defendant. | ) ) ) | (Doc. 12) |

### I.       INTRODUCTION

On October 8, 2022, North American Company for Life and Health Insurance ("Plaintiff") sued Nancy Moua ("Defendant").  Plaintiff seeks rescission of a life insurance policy based on alleged material misrepresentations made in the application for the policy.  (*See* Doc. 1.)  Plaintiff has been unable to serve Defendant.  Presently before the Court is Plaintiff's "Motion for Leave to Serve Defendant by Publication and for Extension of Time to Complete Service." (Doc. 12.)  For the following reasons, the Court GRANTS Plaintiff's Motion and VACATES the previously set hearing.  *See* E.D. Cal. L.R. 230(g).

### II.       FACTUAL BACKGROUND

Plaintiff seeks to rescind the "Flexible Premium Adjustable Universal Life Insurance Policy, bearing Policy No. XXXXXX9671" (the "Policy") that it issued to Defendant as owner, with

1

Defendant's daughter Sunshine Lee ("Lee") as the insured.  (Doc. 1 ¶¶ 20, 29–35.)  Plaintiff alleges that it issued the Policy in "reasonable reliance on the representations" made in the application as to Lee's medical history and background.  (*Id*. ¶¶ 16–20.)  Defendant's address was listed on the application as 3352 San Luis Rey Ct., Merced, CA 95348.  (Doc. 12-1, Declaration of Michelle Hopley ("Hopley Decl.") ¶ 6; Doc. 12-2, Exh. A to Hopley Decl.)

Specifically, Plaintiff alleges that after receiving a report that Lee died on October 5, 2020, Defendant made a claim on the Policy, again listing her address as 3352 San Luis Rey Ct., Merced, CA 95348.  (Doc. 1 ¶¶ 24–25; Doc. 12-1, Hopley Decl. ¶ 28; Doc. 12-3, Exh. B to Hopley Decl.)  Plaintiff discovered during a routine claim investigation that Lee had a significant, undisclosed medical history that she omitted from the application for the Policy, and at no time prior to Lee's death did Plaintiff have knowledge of the falsity of Lee's answers and representations on the application.  (Doc. 1 ¶¶ 26–27.)  According to Plaintiff, the statements and representations contained in the application for the Policy that Lee made influenced and induced Plaintiff to issue the Policy.  (*Id*. ¶ 30.)  Plaintiff alleges that the statements and representations that Lee made, specifically the answers relating to her health and medical history, were material, false, incomplete, and incorrectly stated, and they concealed her true health and medical history at the time she executed and submitted the application for the Policy.  (*Id*. ¶ 31.)  Had the true facts pertaining to Lee's health and medical history been known to Plaintiff, it would have denied the application for the Policy.  (*Id*. ¶ 32.)

Before Plaintiff filed suit, on October 5, 2022, a paralegal in Plaintiff's counsel's office conducted three internet searches for Defendant (aka "Neng Moua"), which indicated that her current address was 3352 San Luis Rey Ct., Merced, CA 95348.  (Doc. 12-5, Declaration of Armando Pina, Jr. ("Pina Decl."), ¶¶ 4–6; Docs. 12-6–12-8, Exhs. A–C to Pina Decl.)  On October 8, 2022, Plaintiff filed its complaint for recission.  (Doc. 1.)  Plaintiff has been unable to serve Defendant.  On October 13, 2022, Plaintiff's counsel caused to be mailed the complaint, a notice of lawsuit and request for waiver of service of summons, and two copies of the waiver, to Defendant at 3352 San Luis Rey Ct., Merced, CA 95348.  (Doc. 12-9, Declaration of Susan K. Hatmaker ("Hatmaker Decl."), ¶ 4 and Doc. 12-10, Exh. A to Hatmaker Decl.)  Plaintiff's counsel's office never received a signed waiver from Defendant

within the time allotted, and never received the documents that were mailed on October 13, 2022, returned by the United States Post Office as undeliverable.  (Doc. 12-9, Hatmaker Decl. ¶¶ 5–7.)

Plaintiff thereafter retained ServeVelocity, a process serving company, and on or about November 30, 2022, a private investigator employed by that company conducted a property search for 3352 San Luis Rey Ct., Merced, CA 95348, which did not show Defendant as an owner or affiliated owner.  (Doc. 12-11, Declaration of Amaanullah Choudhry ("Choudhry Dec") ¶¶ 1–4; Doc. 12-12, Exh. A to Choudhry Decl.)  On or about that same day, the private investigator conducted an "Advanced Person Search Plus" for Defendant, which showed the most current address for her through October 2022 as 3352 San Luis Rey Ct., Merced, CA 95348.  (Doc. 12-11, Choudhry Decl. ¶ 5; Doc. 12-14, Exh. B to Choudhry Decl.)

Next, a process server with ServeVelocity attempted on three occasions to serve Defendant at 3352 San Luis Rey Ct., Merced, CA 95348 with the summons, civil cover sheet, and complaint.  (Doc. 12-14, Declaration of Diligence of Dilpreet Kailey ("Kailey Decl.") ¶¶ 1–3.)  The process server attempted such service on November 17, 2022, at 10:01 a.m., and November 18, 2022, at 7:45 a.m.  (*Id*. ¶¶ 1–2.)  There was no response at the residence either time.  (*Id*.)  On November 19, 2022, at 3:01 p.m., the current resident of 3352 San Luis Rey Ct., Merced, CA 95348, who refused to state his name, stated that Defendant was unknown at that location.  (*Id*. ¶ 3.)

Finally, on December 5, 2023, ServeVelocity submitted a postal trace for Defendant to the United States Postal Service Postmaster in Merced, CA.  (Doc. 12-14, Kailey Decl. ¶ 4.)  By document dated December 31, 2022, the Postmaster advised that Defendant had moved from 3352 San Luis Rey Ct., Merced, CA 95348, and no change of address was on file.  (Doc. 13 ¶¶ 3–4; Doc. 13-1.)

As of January 6, 2023, Plaintiff has not been able to locate or effect service of process on Defendant.  (*See* Doc. 13.)

### III.   LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the

state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure § 415.50(a)(1) provides, in pertinent part, that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."  California Government Code § 6060 requires that the summons be "published in a newspaper of general circulation for the period prescribed."[1]

Service by publication is appropriate only where, after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained.  *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).  However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant."  *Watts*, 10 Cal. 4th at 749 n.5.  "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . .  A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.  These are likely sources of information, and consequently must be searched before resorting to service by publication.  However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137–38 (1996) (internal citations and quotations omitted).  When attempting to effect personal service, a person attempting to effect service is not required to "exhaust all avenues of obtaining a current address" once he is informed that a defendant no longer lives at a residence.  *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001).

---

[1]  A "newspaper of general circulation" is a "newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established . . . for at least one year preceding the date of the publication."  Cal. Gov't Code § 6000.

1

## IV.    DISCUSSION

2       Plaintiff moves to serve Defendant by publication in the *Merced County Times*, as it has not been

3  able to serve her in any other manner specified in the California Code of Civil Procedure despite due

4  diligence.  (Doc. 12.)  Plaintiff also seeks an extension of time to serve Defendant.  (*Id.*)

5  **A.    Plaintiff's Request for Service on Defendant by Publication Shall Be Granted**

6       **1.    Plaintiff Has Exercised Reasonable Diligence**

7       Plaintiff contends that it has exercised reasonable diligence in its attempts to effect personal

8  service on Defendant as shown by its supporting declarations.  The Court agrees.

9       In determining whether a plaintiff has exercised "reasonable diligence" for purposes of Section

10 415.50(a), a court must examine the affidavit required by the statute to determine whether Plaintiff "took

11 those steps which a reasonable person who truly desired to give notice would have taken under the

12 circumstances."  *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Watts*, 10 Cal. 4th

13 at 749 n.5 ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry

14 conducted in good faith by the party or [their] agent or attorney.") (quotations omitted).

15      Here, Plaintiff submitted declarations in support of its Motion, which outline nine separate

16 service attempts made on Defendant, in compliance with the statutory requirement.  As described above,

17 Plaintiff's various efforts include: (1) comprehensive public record searches and internet searches by

18 Plaintiff's counsel's staff and a private investigator to determine where Defendant might be located; (2)

19 multiple service attempts made by a process server at the address where Defendant was believed to

20 reside, based on representations she made in the Policy application and claim documents; and (3) a

21 request for change of address information regarding Defendant to the United States Postal Service,

22 which had no change of address on file.   As such, Plaintiff's declarations and their attached exhibits

23 suggest that Plaintiff made exhaustive efforts in good faith to effect service on Defendant.

24      Therefore, the Court finds that Plaintiff has exercised reasonable diligence in its efforts to serve

25 Defendant.  *See, e.g., Integon Preferred Ins. Co. v. Camacho*, Case No. 1:16–cv–01496–AWI–SAB,

26 2017 WL 2159726, at *4–5 (E.D. Cal. May 17, 2017).

27

28                                        5

### 2. A Cause of Action Exists Against Defendant

This Court further finds that Plaintiff has shown a cause of action exists against Defendant.

In addition to a showing of diligence, California law requires a party seeking service by publication to show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."  Cal. Civ. Proc. Code § 415.50(a)(1).  The proponent must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant."  *McNamara v. Sher*, No. 11–cv–1344–BEN (WVG), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012); *see also Zhang v. Tse*, Nos. C 07–4946 JSW, C 05–2641 JSW, at *3 (N.D. Cal. Aug. 20, 2012).

Plaintiff alleges a claim against Defendant seeking rescission of the Policy that it issued to Defendant as owner, with Defendant's daughter Lee as the insured, in "reasonable reliance on the representations" made in the application as to Lee's medical history and background, which Plaintiff later determined were false.  (Doc. 1 ¶¶ 16–20, 29–35.)  To provide independent support of its allegations. Plaintiff has filed a declaration by Michelle Hopley, Plaintiff's Associate Vice President, Claims.  Ms. Hopley attests to the facts that establish Plaintiff's cause of action against Defendant.  *See Am. Gen. Life Ins. Co. v. Duffey*, No. CV 13-1710 GAF (OPX), 2014 WL 12661464, at *4 (C.D. Cal. Nov. 4, 2014) ("Under California law, 'a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy ab initio.'") (quoting *W. Coast Life Ins. Co. v. Ward*, 132 Cal. App. 4th 181, 186–87 (2005)).  *See also* Cal. Ins. Code § 331.  Therefore, Plaintiff has complied with the statutory requirement of Section 415.50 in showing that a cause of action exists against Defendant.

Because Plaintiff has shown reasonable diligence in its service attempts and that a cause of actions exists, service by publication is appropriate.

### B. Plaintiff Have Established Cause for an Extension of Time to Serve the Summons and Complaint

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

6

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect."  *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009).  Even absent good cause, Rule 4(m) permits the Court to grant an extension of time.  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

Given Plaintiff's difficulties effecting service of process on Defendant, as detailed above, Plaintiff has demonstrated cause for an extension of time under Rule 4(m) to complete service.

### V.      ORDER

Having considered Plaintiff's Motion and exhibits, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1.      The hearing set for February 15, 2023, is VACATED;

2.      Plaintiff's "Motion for Leave to Serve Defendant by Publication and for Extension of Time to Complete Service" (Doc. 12) is GRANTED;

3.      Plaintiff shall have an extension of time of forty-five (45) days from the date of this Order to serve Defendant by publication;

4.      Pursuant to Fed. R. Civ. P. 4(m) and Cal. Code Civ. Proc. § 415.50, service upon Defendant shall be effectuated by publication of the summons not less than once a week for four consecutive weeks in the *Merced County Times*, a newspaper of general circulation serving Merced County, CA (*see* Doc. 12 at 9); and

5.      If Plaintiff ascertains the address of Defendant before expiration of the time prescribed for publication of the summons, Plaintiff shall mail forthwith copies of the summons, complaint, and this order to that address by ordinary mail.

IT IS SO ORDERED.

Dated:   **February 1, 2023**                    */s/ Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE